STATE of Missouri, Respondent,

v.

Alberto GALIANO, Appellant.

Alberto GALIANO, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 64674, 67322.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals convictions on charges of Assault First Degree, in violation of § 565.050 RSMo 1978 and Armed Criminal Action, in violation of § 571.015 RSMo 1978. The state proved defendant shot his former girlfriend in the back as she was running away and then he shot her in the head as she was lying on her back. This occurred on March 19, 1984. He also appeals denial of Rule 29.15 relief after a hearing.

 The direct appeal issue is without merit. Defendant argues the state failed to prove the serious injury element of § 565.050 RSMo 1994. When defendant was found in 1992, he was living in New York City, using an alias name. Since the shooting occurred in 1984, defendant was charged under RSMo 1978, which follows:

**565.050. Assault in the first degree.**—1. A person commits the crime of assault in the first degree if:

(1) He knowingly causes serious physical injury to another person; or

(2) He attempts to kill or to cause serious physical injury to another person; or

(3) Under circumstances manifesting extreme indifference to the value of human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person.

2. Assault in the first degree is a class B felony unless committed by means of a deadly weapon or dangerous instrument in which case it is a class A felony.

The state proved defendant attempted to kill or to cause serious physical injury to the woman he is charged with shooting. Therefore, it proved the elements of the applicable, 1978 statute. Defendant's claim of error directed at the 1994 revised definition of the crime is misdirected.

 The Rule 29.15 motion charged trial counsel failed to investigate alibi evidence. Defendant claimed he was in a shelter for the homeless in New York when the shooting of his live-in girl friend occurred. There is no allegation of fact or proof trial counsel could have found records or witnesses to prove movant's claim involving events which may have occurred eight or more years before. Conclusively, trial counsel testified: (1) he received no identification or location of a shelter from defendant; and, (2) defendant gave "a couple different stories" where he was on the day of the shooting. For failure to meet his burden of proof, *State v. Leisure*, 838 S.W.2d 49, 58 (Mo.App.E.D.1992), the denial of relief was supported and not clearly erroneous. Rule 29.15(j); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

Affirmed on both appeals.

REINHARD, P.J., and WHITE, J., concur.